UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS HAMILL, ADVOCATES FOR DISABLED AMERICANS (AFDA)<br><br>           Plaintiffs,<br>vs.<br><br>NIPUL PATEL D/B/S UPS store 6022, PHM PROPERTIES LLC<br>OHM PROPERTIES LLC<br>SURJIT ENTERPRISES<br>TREND INVESTMENTS, L.L.C<br>MIRZA BAIG<br>JOHN DOE(S), fictitious names of Defendants A thru Z,<br><br>           Defendant(s). | CASE NO.<br><br>Civil Action<br><br><br><br>**PLAINTIFFS' COMPLAINT** |

Plaintiffs; Thomas Hamill residing at, New Jersey 08043; 33063 by way of complaint against the Defendant states: Plaintiff Thomas J. Hamill, residing at 370 Grove Ave., Apt 106, West Deptford, Gloucester County, New Jersey and Plaintiff Advocates for Disabled Americans, doing business in Camden County New Jersey, by way of complaint against Defendant states:

## JURISDICTION

1.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiffs allege a violation of the Americans With Disabilities Act (ADA) and the Rehabilitation Act of 1973.

## STATEMENT OF THE CASE

This suit is a private action brought by a Plaintiff, who uses a wheelchair as a result, for injunctive relief and damages under the New Jersey Law Against Discrimination and its regulations contained in N.J.A.C. 13:13-4.1, et al.as well under the federal ADA.

In <u>Walker v. Guiffre</u>, 200 N.J. 124, 156 (2012) in awarding an enhancement in a LAD claim explained "Her obligation served not her sole interests, but the interests of any and all who had been or who might otherwise in the future have been denied access to the premises. The relief sought, both because it was equitable in nature and because it was designed to serve a broad social purpose weighs in favor of a continuous enhancement at the highest end of the spectrum

It would be wise to review the purposes of the access laws.  First, the laws are about opportunity; as former Speaker of the House Gingrich has stated, "Mr. Chairman, throughout our history, our disabled citizens have not been provided the opportunity to participate in all phases of society. Designed to provide 43,000,000 Americans with enhanced opportunities, this bill, then, embodies the conservative idea of opportunity."136 Cong. Rec. H2631 (daily ed. May 22, 1990) (Statement of Rep. Gingrich).

Second, the law is about the economic well-being of America.  As former Attorney General Thornburgh testified, "We must recognize that passing comprehensive civil rights legislation protecting persons with disabilities will have direct and tangible benefits for our country. Certainly, the mainstreaming of persons with disabilities will result in more persons with disabilities working, in increasing earnings, in less dependence on the Social Security System for financial support, in increased spending on consumer goods, and increased tax revenues. "Testimony before House Committee on Civil and Constitutional Rights, Ser No. 101-58, Oct. 11, 1989, p. 811.

Third, the law is to end segregation. As Senator Kennedy stated, "The Americans with Disabilities Act will end this American apartheid. It will roll back the unthinking and unacceptable practices by which disabled Americans today are segregated, excluded, and fenced off from fair participation in our society by mindless biased attitudes and senseless physical barriers.  135 Cong. Rec. 54993 (daily ed. May 09, 1989) (Statement of Sen. Kennedy).  It is

respectfully submitted that Senator Dole's opinion that the access laws are about dignity, "Living independently and with dignity means opportunity to participate fully in every activity of daily life." 136 Cong. Rec. S9695 (daily ed. July 13, 1990) (Statement of Sen. Dole).

As Judge Henderson explained:

> "There can be no question that the Americans With Disabilities Act, passed in 1990, established as law the nation's interest in eradicating the bigotry and barriers faced by individuals with disabilities. 42 U.S.C. 12102 *et. seq.* (hereafter "ADA"). In fact, the ADA states its first goal as being "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities."*See* 42 U.S.C. 12101(b)(1) (1999). The ADA creates the possibility that successful plaintiffs may establish permanent changes in the design and physical configuration of structures to better accommodate the disabled. 42 U.S.C. 12101(a)(5). The benefits of such changes clearly redound not only to the plaintiffs themselves, but to similarly situated disabled persons, and the entire society at large. As a result, plaintiffs or plaintiff classes who bring suit pursuant to the ADA do so in the role of "private attorneys general" who seek to vindicate "a policy" of the highest priority.'" See *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 41, 98 S. Ct. 694, 698, 54 L.Ed.2d 648. *See also Bruce v. City of Gainesville, Ga.*, 177 F.3d 949, 951 (11th Cir. 1999) (discussing ADA plaintiffs as private attorneys general); *Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 170 F.3d 1, 11 (1st Cir. 1999);
> For example, successful ADA plaintiffs confer a tremendous benefit upon our society at large, in addition to the attainment of redress for their personal individual injuries, successful ADA plaintiffs under title VII.

Not surprising, this State has greatly exceeded federal law by promulgation of regulations to the New Jersey Law Against Discrimination, N.J.A.C. 13:13-4.1 that allows for damages. New Jersey provides greater rights for the disabled then the United States. Justice Stevens has written:

> "New Jersey prides itself on judging each individual by his or her merits and on being in the vanguard in the fight to eradicate the cancer of unlawful discrimination of all types from our society." Peper v. Princeton Univ. Bd. of Trustees, 77 N.J. 55 (1978). Since 1945 it has had a law against discrimination. The law broadly

> protects the opportunity of all persons to obtain the advantages and privileges of any place of public accommodation. The New Jersey Supreme Court's construction o the statutory definition of a "place of public accommodation" has given its statute a more expansive coverage than most state statutes. In its "exercise of this high power" today, the Court does not accord this "courageous state" the respect it is due. Boy Scouts of America v. Dale, 530 U.S. 640, 663-664 (2000).

New Jersey has greatly exceeded federal law by promulgation of regulations to the New Jersey Law Against Discrimination, N.J.A.C. 13:13-4.1 that provides damages as well as the Supreme Court holding there should be fifty percent attorney fee enhancement. Walker v. Giuffre, 200 N.J. 124, (2012).

## NOTICE

Defendant was made aware of the violations of the access laws in that plaintiffs' counsel informed counsel for  in Trend Investments LLC. Et al v. Suyjit Enterprises LLC. Superior Court of New Jersey Appellate Division  Dk  No.  A-0668-14T2.  In addition, all Defendants are aware of  the New Jersey Superior Court action entitled Hamill et al v. PHM Properties, LLC. under Docket Number CAM-2499-15, which involved access to the disabled.

## PARTIES

2. Plaintiff Hamill is disabled and uses a wheelchair.  Mr. Hamill is very active in charities and was a member of the New Jersey and Pennsylvania Bars after serving as a law clerk to a United States District Judge. AFDA is a civil rights organization in New Jersey.

3. NIPUL PATEL is the owner of a UPS store number 6022.  From  an investigation with UPS Corporation Patel owns the franchise under his own name not under a corporate entity. The address for the Patel store is 1134 South Black Horse Pike Blackwood, New Jersey, 08012.

4. PHM PROPERTIES LLC is a corporation that Nipul Patel may claim is the owner of said UPS store. Nipul Patel upon information and belief is the principle of said corporation.

5.      OHM PROPERTIES LLC is a corporation that Nipul Patel may claim is the owner of said UPS store. Nipul Patel upon information and belief is the principle of said corporation.

6.      SURJIT ENTERPRISES LLC is a corporation that Nipul Patel may claim is the owner of store. Nipul Patel upon information and belief is the principle of said corporation.

7.      TREND INVESTMENTS, L.L.C. is a corporation located at   19 MARE HAVEN COURT IN BRUNSWICK NJ 08902 who owns a strip mall located at 1130–1136 South Black Horse Pike.  Blackwood, New Jersey

8.      MIRZA BAIG is the principle of Trend Investments L. L. C. In the case of by suing as an individual in Trend Investments LLC. <u>Et al v. Suyjit Enterprises LLC</u>. Superior Court of New Jersey Appellate Division Dk No.  A-0668-14T2

## FIRST COUNT

9.      On July 14, 2016 Plaintiff Hamill was a patron and tester at the UPS store located at 1134 South Black Horse Pike Blackwood, New Jersey and  strip located 1130–1136 South Black Horse pike. Blackwood, Camden County, New Jersey.

10.     Recently, Defendants had altered its property but has failed to create proper accessible parking and routes.

11.     Because of the lack of access the Plaintiff Hamill was impaired on the use of said public accommodations due to the lack of disabled parking and access routes. All defendants are liable to the plaintiff Hamill for said lack of access in that both landlords and tenants are liable under the New Jersey Law Against Discrimination.

12.     The lack of access is a violation of the New Jersey Law Against Discrimination

13.     Prior to filing this suit the land use office  indicated there was no filed applications to create access.

14. As a result plaintiff sustained emotional distress.

15. Plaintiff Hamill intends to return as a patron and tester.

16. Wherefore, Plaintiff Hamill demands judgment for:

    a) Injunctive relief.

    b) Damages under the New Jersey Law Against Discrimination.

    c) Attorney Fees and Costs of Suit.

## SECOND COUNT

17. Plaintiff Hamill repeats the allegations of the First Count.

18. Plaintiffs' ability to be a patron of the Defends UPS store was impaired due to the lack of access in the store and failed to maintain its elements for the disabled in violation of the New Jersey Law Against Discrimination. As a result Plaintiff Hamill sustained emotional distress.

19. Plaintiff intends to return as a patron and tester.

    Wherefore, Plaintiff Hamill demands judgment for

    a) Injunctive Relief.

    b) Damages.

    c) Attorney Fees and Costs of Suit.

## THIRD COUNT

20. Plaintiff repeats the allegations of the first and second counts.

21. The above mentioned violations of the New Jersey Law Against Discrimination are also violation of the federal Americans With Disabilities Act.

    WHEREFORE, Plaintiff Hamills demand judgment for

    a) Injunctive Relief.

    b) Damages.

    c) Attorney Fees and Costs of Suit.

## FOURTH COUNT

22. The AFDA repeats the allegations of the first count.

23. The AFDA has also been injured as a result of the above discrimination.

Wherefore, the AFDA demands judgment for

    a) Damages under the LAD

    b) Injunctive relief under both the ADA and LAD.

    c) Attorney fees and costs of suit under both the LAD and ADA.


DATED: July 21, 2016.    s/Anthony J. Brady Jr.
ANTHONY J. BRADY, JR., ESQ.
1 Rose Ave. PO Box 129
Maple Shade NJ
Tel.: 561-603-6387 Ladbrady@gmail.com